**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FISHER TOOL COMPANY, INC., d/b/a ASTRO PNEUMATIC TOOL COMPANY**, a California corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| **STAMPEDE TOOL COMPANY, a/k/a STAMPEDE TOOL WAREHOUSE, INC.**, an Illinois corporation; **RICHARD R. KUHN**, an individual; **JOAN P. KUHN**, an individual; **GERALD F. HASTINGS**, an individual; | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff FISHER TOOL COMPANY, INC., d/b/a ASTRO PNEUMATIC TOOL COMPANY ("Astro"), for its Complaint against Defendants STAMPEDE TOOL COMPANY, a/k/a STAMPEDE TOOL WAREHOUSE, INC. ("Stampede"), RICHARD R. KUHN ("R. Kuhn"), JOAN P. KUHN ("J. Kuhn" and together with R. Kuhn, the "Kuhns") and GERALD F. HASTINGS ("Hastings"), states as follows:

## PARTIES

1. Astro is a corporation organized under the laws of the State of California, having its principal office and place of business in South El Monte, California. Astro is in the business of selling tools, paint, body equipment and other products to the U.S. automotive aftermarket.

2. Stampede is a corporation organized under the laws of the State of Illinois, having its principal office and place of business in Alsip, Illinois. Stampede is in the business of

46118104.6

wholesale and online distribution of automotive parts and tools. Upon information and belief, Stampede was founded in 1983 and incorporated in 1984.

3. R. Kuhn is an adult individual who resides in Chicago, Illinois and, at all times relevant herein, is the owner and president of Stampede and is the signatory to that certain Continuing Guaranty ("Kuhn Guaranty").

4. J. Kuhn is an adult individual who resides in Chicago, Illinois and, at all times relevant herein, is, upon information and belief, the vice-president of Stampede.

5. Hastings is an adult individual who resides in Chicago, Illinois and, at all times relevant herein, is the signatory to that certain Continuing Guaranty ("Hastings Guaranty" and together with Kuhn Guaranty, the "Guaranties").

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, based on the diversity of citizenship between the parties and the amount in controversy being in excess of $75,000.00, exclusive of interest and costs.

7. This action properly lies in the Northern District of Illinois, Eastern Division because a substantial part of the events giving rise hereto occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

8. This Court has authority to declare and enter judgment on the rights and liabilities of the parties, and order appropriate relief thereon.

## FACTS COMMON TO ALL COUNTS

9. The allegations contained in paragraphs 1 through 8 are hereby re-alleged and incorporated as if fully set forth herein.

10. Astro is in the business of selling tools, paint and body equipment and other goods to customers in the U.S. automotive aftermarket. As part of its business practice, Astro requires new customers to provide continuing guaranties to cover any debts and extensions of credit when opening an account with Astro.

11. In approximately 1983, R. Kuhn informed Astro that he was the owner of a startup called Stampede Tool Company that was in the business of selling automotive parts and tools.

12. R. Kuhn and Astro discussed the option of Astro supplying goods to R. Kuhn's startup. Because R. Kuhn's business was a startup, Astro insisted upon personal guaranties for any debts incurred by the startup in favor of Astro in order for Astro to provide goods to the startup.

13. Accordingly, for good and valuable consideration, on or about August 31, 1983, R. Kuhn and Astro entered into the Kuhn Guaranty, pursuant to which R. Kuhn unconditionally guaranteed to pay to Astro any and all indebtedness up to $100,000.00 of Stampede, including indebtedness arising under successive transactions. A true and accurate copy of the Kuhn Guaranty is attached hereto as **Exhibit A**.

14. On or about August 31, 1983, and for good and valuable consideration, Hastings and Astro entered into the Hastings Guaranty, pursuant to which Hastings unconditionally guaranteed to pay to Astro any and all indebtedness up to $100,000.00 of Stampede, including indebtedness arising under successive transactions. A true and accurate copy of the Hastings Guaranty is attached hereto as **Exhibit B**.

15. In reliance upon the Guaranties, from approximately 1983 to July of 2013, Astro furnished goods to Stampede on open credit terms.

16. In each instance, Astro issued an invoice to Stampede Tool for the ordered parts and products. True and accurate copies of Stampede's outstanding unpaid invoices are attached hereto as **Exhibit C**.

17. Each invoice issued by Astro to Stampede Tool expressly states the following:

> Any different or additional terms that may be embodied in your purchase order are hereby objected to. If your order is not an acceptance of our proposal, this will operate as an acceptance of your order only in the event you agree to the terms hereof. The terms and conditions contained above and attached shall apply.

*Id*.

18. The invoices for the orders include express terms that state the goods were to be delivered "FOB: DEST,FA,PREPAID." *Id*.

19. The invoices for the orders include express payment terms as follows: "2% 60/90." *Id*.

20. At all times, Astro intended to and believed that it was contracting with Stampede Tool Company.

21. Astro delivered the ordered product to Stampede. Stampede accepted the ordered product and took possession upon delivery.

22. By accepting possession of the product as delivered, Stampede agreed to all terms in the invoices.

23. From December 2012 through June 2013, Stampede approximately doubled the size of its usual orders with Astro. *See* Order History, a true and accurate copy of which is attached hereto as **Exhibit D**. Astro filled these orders in reliance upon the Guaranties and the terms of the invoices.

4

24. From December 2012 through July 2013, Stampede contracted with Astro and accepted goods in the total amount of $120,567.06 (the "Indebtedness").

25. Stampede has failed to pay the Indebtedness, which remains due and owing, despite Astro's submission of invoices for payment of same.

26. On July 17, 2013 Stampede executed an Assignment for the Benefit of Creditors ("ABC") that was "necessitated by the Company's continuing operating losses . . . the inability to pay its remaining obligations. . . . lack of cash-flow, and inability to refinance its existing debt, rendering any long-term continuation of [Stampede's] operations impossible." Notice of Assignment for the Benefit of Creditors ("ABC Notice"), p. 1, a true and accurate copy of which is attached hereto as **Exhibit E**.

27. Upon information and belief, there will be little, if anything, available to pay Astro from the ABC.

28. On or about September 25, 2013, Astro notified R. Kuhn of Stampede's failure to pay its Indebtedness and demanded that R. Kuhn pay $100,000.00 of the Indebtedness pursuant to the Kuhn Guaranty. A true and accurate copy of the demand letter to R. Kuhn and Hastings ("Demand Letter"), without enclosures, is attached hereto as **Exhibit F**.

29. As of the filing of this Complaint, R. Kuhn has not complied with the Demand Letter.

30. On or about September 25, 2013, Astro notified Hastings of Stampede's failure to pay its Indebtedness and demanded that Hastings pay $100,000.00 of the Indebtedness pursuant to the Hastings Guaranty. *Id*.

31. As of the filing of this Complaint, Hastings has not complied with the Demand Letter.

5

32. Astro has not received payment in satisfaction of the Indebtedness.

## COUNT I
### Breach of Contract – Kuhn Guaranty (against R. Kuhn)

33. The allegations contained in paragraphs 1 through 32 are hereby re-alleged and incorporated as if fully set forth herein.

34. R. Kuhn executed the Kuhn Guaranty in Astro's favor.

35. The Kuhn Guaranty is a valid and enforceable contract between Astro and R. Kuhn.

36. Pursuant to the Kuhn Guaranty, R. Kuhn agreed to pay $100,000.00 of the Indebtedness, together with all interest, plus all reasonable attorneys' fees and other costs and expenses which Astro incurs in seeking to enforce the Kuhn Guaranty.

37. Astro has performed all obligations under the Kuhn Guaranty to be performed on its part except for those, if any, rendered impossible by R. Kuhn's failure to perform.

38. Demand for payment has been made to R. Kuhn.

39. As of the date of this filing, R. Kuhn has failed to pay amounts due and owing under the Kuhn Guaranty, and Astro has been damaged as a result.

40. Therefore, R. Kuhn has breached the Kuhn Guaranty.

**WHEREFORE**, Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays for judgment in its favor and against Defendant Richard R. Kuhn in the amount of One Hundred Thousand Dollars ($100,000.00), together with appropriate prejudgment interest on the outstanding balance through and until the date of judgment, costs, attorneys' fees and related expenses, and post-judgment interest on the judgment at the statutory post-judgment rate until the judgment, with interest, is paid in full, and for all other just and proper relief.

## COUNT II
### Breach of Contract – Hastings Guaranty (against Hastings)

41. The allegations contained in paragraphs 1 through 32 are hereby re-alleged and incorporated as if fully set forth herein.

42. The Hastings Guaranty is a valid and enforceable contract between Astro and Hastings.

43. Hastings executed the Hastings Guaranty in Astro's favor.

44. Pursuant to the Hastings Guaranty, Hastings agreed to pay $100,000.00 of the Indebtedness, together with all interest, plus all reasonable attorneys' fees and other costs and expenses which Astro incurs in seeking to enforce the Hastings Guaranty.

45. Astro has performed all obligations under the Hastings Guaranty to be performed on its part except for those, if any, rendered impossible by Hastings's failure to perform.

46. Demand for payment has been made to Hastings.

47. As of the date of this filing, Hastings has failed to pay amounts due and owing under the Hastings Guaranty, and Astro has been damaged as a result.

48. Therefore, Hastings has breached the Hastings Guaranty.

**WHEREFORE**, Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays for judgment in its favor and against Defendant Gerald F. Hastings in the amount of One Hundred Thousand Dollars ($100,000.00), together with appropriate prejudgment interest on the outstanding balance through and until the date of judgment, costs, attorneys' fees and related expenses, and post-judgment interest on the judgment at the statutory post-judgment rate until the judgment, with interest, is paid in full, and for all other just and proper relief.

## COUNT III
### Fraud (against Stampede)

49. The allegations contained in paragraphs 1 through 32 are hereby re-alleged and incorporated as if fully set forth herein.

50. In the seven months prior to executing the ABC, Stampede approximately doubled its usual order quantity with Astro.

51. During those seven months ("Insolvency Period"), Stampede was insolvent or had reason to believe that it was insolvent.

52. Upon information and belief, Stampede had no intention of paying Astro for orders placed during the Insolvency Period.

53. During the Insolvency Period, Astro was unaware of Stampede's financial problems and continued to uphold its obligations by furnishing goods ordered by Stampede in reliance upon the Guaranties and Stampede's promise to pay for goods it ordered from Astro.

54. Despite having no intention of paying Astro for orders placed during the Insolvency Period, upon information and belief, Stampede continued to place larger-than-usual orders so as to acquire as many assets as possible to increase the pool of assets available for the Assignee of the ABC to use in paying down Stampede's debt obligations.

55. In so doing, each time it issued an order for goods Stampede made false representations of its ability to pay for the goods provided by Astro even though it did not have the ability to make such payments.

56. These false representations induced Astro to provide goods that otherwise would not have been provided.

57. This constitutes a scheme to defraud Astro as Stampede was well-aware or should have been aware of its insolvent state, but despite that knowledge it continued to induce Astro into providing it with goods for which it could not pay.

58. Astro has been damaged due to its reliance on Stampede's fraudulent misrepresentations in the amount of $120,567.06, representing the value of goods it supplied during the Insolvency Period and for which payment remains due and owing.

**WHEREFORE**, Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays for judgment in its favor and against Defendant Stampede Tool Warehouse, Inc. in the amount of One Hundred Twenty Thousand Five Hundred Sixty-Seven Dollars and Six Cents ($120,567.06), together with appropriate prejudgment interest on the outstanding balance through and until the date of judgment, costs, attorneys' fees and related expenses, and post-judgment interest on the judgment at the statutory post-judgment rate until the judgment, with interest, is paid in full, and for all other just and proper relief.

## COUNT IV
### Breach of Fiduciary Duties (against the Kuhns)

59. The allegations contained in paragraphs 1 through 32, and 49 through 58, are hereby re-alleged and incorporated as if fully set forth herein.

60. R. Kuhn, as the owner and president of Stampede, owed a fiduciary duty to Stampede's shareholders. Upon Stampede becoming insolvent, R. Kuhn's fiduciary duties also extended to Stampede's creditors.

61. J. Kuhn, as the vice-president of Stampede, owed a fiduciary duty to Stampede's shareholders. Upon Stampede becoming insolvent, J. Kuhn's fiduciary duties also extended to Stampede's creditors.

9

62. Upon information and belief, the Kuhns are the only officers and/or directors of Stampede.

63. As of July 17, 2013, Stampede had assets totaling $858,892.00. *See* Ex. E, p. 1. As of that same day, Stampede had liabilities totaling $1,469,095.00. *See id.*, p. 2.

64. Because Stampede's liabilities far outweighed its assets, the company became insolvent no later than July 17, 2013.

65. Upon information and belief, Stampede was also insolvent as early as December 2012.

66. Astro submitted invoices to Stampede for orders received between December 7, 2012 and July 19, 2013. *See* Ex. C. During this period, Stampede was insolvent.

67. Therefore, the Kuhns owed fiduciary duties of the utmost good faith and fair dealing, including the duties of care and loyalty to Astro.

68. As officers of Stampede, the Kuhns knowingly and intentionally breached their fiduciary duties to Astro by: (a) causing Stampede to order goods from Astro when they knew Stampede could not pay for those goods; and (b) causing Stampede to acquire assets of Astro to pay other creditors to whom Astro had and has no obligations.

69. As a result of the Kuhns' breach of their fiduciary duties, Astro has been damaged in the amount of no less than $120,567.06, representing the value of goods its supplied during the Insolvency Period and for which payment remains due and owing.

WHEREFORE, Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays that this Court enter judgment in its favor and against Defendants Richard R. Kuhn and Joan P. Kuhn in the amount of One Hundred Twenty Thousand Five Hundred Sixty-Seven Dollars and Six Cents ($120,567.06), together with appropriate prejudgment interest on

46118104.6

the outstanding balance through and until the date of judgment, costs, attorneys' fees and related expenses, and post-judgment interest on the judgment at the statutory post-judgment rate until the judgment, with interest, is paid in full, and for all other just and proper relief.

## COUNT V
**Reformation (Pled in the alternative) – Kuhn Guaranty**

70. The allegations contained in paragraphs 1 through 48 are hereby re-alleged and incorporated as if fully set forth herein.

71. On or about August 31, 1983, Astro and R. Kuhn entered into an agreement, which terms were reduced to writing as the Kuhn Guaranty.

72. On or about August 31, 1983, R. Kuhn executed the Kuhn Guaranty, pursuant to which R. Kuhn would guaranty the indebtedness of his startup company to Astro.

73. A variance exists between the parties' agreement and the written Kuhn Guaranty. Astro and R. Kuhn originally agreed to enter into the Kuhn Guaranty to guarantee the Indebtedness of R. Kuhn's startup company, which at the time of execution R. Kuhn represented to Astro that it was called Stampede Tool Company. However, the Kuhn Guaranty actually guarantees the indebtedness of a non-existent entity because R. Kuhn later incorporated his startup under the similar, but different, name of Stampede Tool Warehouse, Inc.

74. Upon information and belief, R. Kuhn never incorporated an entity called Stampede Tool Company in the State of Illinois.

75. The Kuhn Guaranty as written does not properly reflect the true intent of the parties to guaranty the debts of R. Kuhn's startup business, which is legally recognized by the name of Stampede Tool Warehouse, Inc. The Kuhn Guaranty mistakenly fails to make clear that R. Kuhn guaranteed the Indebtedness of Stampede Tool Warehouse, Inc.

11

76. Astro, as a party to the Kuhn Guaranty, is entitled to seek reformation of the Kuhn Guaranty. Astro is harmed by R. Kuhn's variance of the obligor's name, and has no adequate remedy at law.

77. The Kuhn Guaranty as written is illogical since Stampede Tool Company never existed. Accordingly, the Kuhn Guaranty should be reformed to reflect the actual agreement between the parties.

**WHEREFORE,** Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays that this Court enter judgment in its favor and against Defendant Richard R. Kuhn, reform the Kuhn Guaranty to correct the name of the obligor from Stampede Tool Company to Stampede Tool Warehouse, Inc., and to grant all further relief this Court deems fair and just.

## COUNT VI
### Reformation (Pled in the alternative) – Hastings Guaranty

78. The allegations contained in paragraphs 1 through 48, and 70 through 77, are hereby re-alleged and incorporated as if fully set forth herein.

79. On or about August 31, 1983, Astro and Hastings entered into an agreement, which terms were reduced to writing as the Hastings Guaranty.

80. On or about August 31, 1983, Hastings executed the Hastings Guaranty, pursuant to which Hastings would guaranty the indebtedness of R. Kuhn's startup company to Astro.

81. A variance exists between the parties' agreement and the written Hastings Guaranty. Astro and Hastings originally agreed to enter into the Hastings Guaranty to guaranty the Indebtedness of R. Kuhn's startup company, which at the time of execution R. Kuhn represented to Astro that it was called Stampede Tool Company. However, the Hastings

Guaranty actually guarantees the indebtedness of a non-existent entity because R. Kuhn later incorporated his startup under the similar, but different, name of Stampede Tool Warehouse, Inc.

82. Upon information and belief, R. Kuhn never incorporated an entity called Stampede Tool Company in the State of Illinois.

83. The Hastings Guaranty as written does not properly reflect the true intent of the parties to guaranty the debts of R. Kuhn's startup business, which is legally recognized by the name of Stampede Tool Warehouse, Inc. The Hastings Guaranty mistakenly fails to make clear that Hastings guaranteed the Indebtedness of Stampede Tool Warehouse, Inc.

84. Astro, as a party to the Hastings Guaranty, is entitled to seek reformation of the Hastings Guaranty. Astro is harmed by R. Kuhn's variance of the obligor's name, and has no adequate remedy at law.

85. The Hastings Guaranty as written is illogical since Stampede Tool Company never existed. Accordingly, the Hastings Guaranty should be reformed to reflect the actual agreement between the parties.

**WHEREFORE,** Plaintiff Fisher Tool Company, Inc., d/b/a Astro Pneumatic Tool Company, prays that this Court enter judgment in its favor and against Defendant Gerald F. Hastings, reform the Hastings Guaranty to correct the name of the obligor from Stampede Tool Company to Stampede Tool Warehouse, Inc., and to grant all further relief this Court deems fair and just.

## JURY DEMAND

86. Plaintiff requests trial by jury of all issues.

Respectfully submitted,

**FISHER TOOL COMPANY, INC., d/b/a
ASTRO PNEUMATIC TOOL COMPANY**

By:    /s/ Jean Soh
       One of its Attorneys

       John A. Leja (ARDC 6256269)
       Jean Soh (ARDC 6285187)
       Shannon Y. Shin (ARDC 6301998)
       POLSINELLI PC
       161 N. Clark Street, Suite 4200
       Chicago, Illinois 60601
       Telephone: (312) 819-1900
       Facsimile: (312) 819-1910
       *jleja@polsinelli.com*
       *jsoh@polsinelli.com*
       *sshin@polsinelli.com*